**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ZANE MURDOCK,<br><br>Plaintiff,<br><br>v.<br><br>PANINI AMERICA, INC. &<br>NFL PROPERTIES LLC,<br><br>Defendants. | Case No. 1:26-cv-00849-JLH |

**OPENING BRIEF IN SUPPORT OF DEFENDANT PANINI AMERICA, INC.'S MOTION TO DISMISS UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6), 9(b), AND 8(a)(2)**

Dated: August 19, 2026

James H. S. Levine (Del. Bar No. 5355)
TROUTMAN PEPPER LOCKE LLP
Hercules Plaza, Suite 1000
1313 N. Market Street
Wilmington, DE 19899-1709
(302) 777-6500
james.levine@troutman.com

*Counsel for Defendant Panini America, Inc.*

## TABLE OF CONTENTS


I. INTRODUCTION ........ 1
II. NATURE AND STAGE OF THE PROCEEDINGS ........ 2
III. SUMMARY OF THE ARGUMENT ........ 3
IV. STATEMENT OF FACTS ........ 4
A. Panini America........ 4
B. The Complaint Contains No Allegations as to Wrongful Conduct by Panini or by the NFLP ........ 4
C. Plaintiff's Trademarks Do Not Cover Trading Cards........ 5
V. ARGUMENT........ 7
A. Legal Standards........ 7
1. *Pro Se* Pleading Standard........ 7
2. Rule 12(b)(6) – Failure to State a Claim........ 7
3. Rule 9(b) – Pleading Fraud with Particularity ........ 8
4. Rule 8(a)(2)........ 8
5. Motions to Dismiss ........ 8
6. Judicial Notice ........ 9
B. The Complaint Fails to State a Plausible Claim for Relief Against Panini ........ 9
1. Plaintiff's Claim 1 (Federal Trademark Infringement) Should be Dismissed........ 10
2. Plaintiff's Claim 2 (Common Law Trademark Infringement) Should be Dismissed........ 12
3. Plaintiff's Claim 3 ("Fraud as According to the False Claims Act") Should be Dismissed........ 13
C. The Complaint Fails to Meet the Minimum Notice Requirements of Rule 8(a)(2) ........ 14
VI. CONCLUSION........ 16

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)........................................................................................... *passim*

*B# on Demand LLC v. Spotify Tech. S.A.*,
484 F. Supp. 3d 188 (D. Del. 2020)..........................................................................7

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)..............................................................................................7, 8, 14

*Blank v. Optimum Fin. Servs., LLC*,
No. CV 16-5076, 2017 WL 1508990 (E.D. Pa. Apr. 27, 2017) ...............................................9

*Coe v. Brullo*,
No. 22-2536, 2023 WL 2182374 (3d Cir. Feb. 23, 2023) ....................................................15

*Doe v. Princeton Univ.*,
30 F.4th 335 (3d Cir. 2022) ..........................................................................................11

*Double Coin Holdings Ltd. v Tru Dev.*,
No. 92063808, 2019 WL 4877349 (TTAB Oct. 1, 2019)......................................................12

*Erickson v. Pardus*,
551 U.S. 89 (2007)........................................................................................................7

*Fisons Horticulture, Inc. v. Vigoro Indus., Inc.*,
30 F.3d 466 (3d Cir. 1994).............................................................................................10

*Fuente Mktg Ltd. v. Vaporous Techs., LLC*,
172 F.4th 1337 (Fed. Cir. 2026) ...................................................................................1, 2

*Haines v. Kerner*,
404 U.S. 519 (1972)........................................................................................................7

*Hutchins v. Wilentz, Goldman & Spitzer*,
253 F.3d 176 (3d Cir. 2001)...........................................................................................13

*Ieradi v. Mylan Labs., Inc.*,
230 F.3d 594 (3d Cir. 2000).............................................................................................9

*Interpace Corp. v. Lapp, Inc.*,
721 F.2d 460 (3d Cir. 1983)...........................................................................................11

*Kuhn Constr. Co. v. Ocean & Coastal Consultants, Inc.*,
844 F. Supp. 2d 519 (D. Del. 2012)..................................................................................8

*Morse v. Lower Merion Sch. Dist.*,
132 F.3d 902 (3d Cir. 1997)....................7, 11

*Murdock v. Marolina Outdoor Inc.*,
No. 2:23-CV-10231-DSF-PVC, 2024 WL 2209771 (C.D. Cal. Apr. 22, 2024) ....................4

*Murdock v. Savile Invs. Pty. Ltd.*,
No. 1:24-cv-1899, 2025 WL 3157791 (D.D.C. Nov. 12, 2025)....................3

*Ouaziz v. City of Jersey City*,
No. 22-3385, 2023 WL 7001846 (3d Cir. Oct. 24, 2023)....................15

*Ouaziz v. Jersey City, NJ*,
No. 23-6568, 2024 WL 1839139 (U.S. Apr. 29, 2024) ....................15

*Phillips v. Cnty. of Allegheny*,
515 F.3d 224 (3d Cir. 2008)....................9

*Robinson v. Hunger Free Am., Inc.*,
No. 1:18-cv-00042-LJO-BAM, 2018 WL 1305722 (E.D. Cal. Mar. 13, 2018)....................11, 15

*S&P Glob. Inc. v. S&P Data LLC*,
619 F. Supp. 3d 445 (D. Del. 2022)....................10

*Santiago v. Warminster Twp.*,
629 F.3d 121 (3d Cir. 2010)....................8

*Schmidt v. Skolas*,
770 F.3d 241 (3d Cir. 2014)....................9, 10

*Sound View Innovations, LLC v. Facebook, Inc.*,
204 F. Supp. 3d 655 (D. Del. 2016)....................5, 12

*Stone Lion Capital Partners, L.P. v Lion Capital LLP*,
746 F.3d 1317 (Fed. Cir. 2014)....................12

*In re Suprema Specialties, Inc. Sec. Litig.*,
438 F.3d 256 (3d Cir. 2006)....................14

*U.S. v. Bracco USA, Inc.*,
No. 24-1668, 2025 WL 1261779 (3d Cir. May 1, 2025) ....................8, 14

*Werner v. Werner*,
267 F.3d 288 (3d Cir. 2001)....................9

*Wolffe v. Days Inns Worldwide, Inc.*,
No. CV 22-374-GBW, 2023 WL 2954446 (D. Del. Apr. 14, 2023) ....................15

**Statutes**

Del. C. § 3315 ....................12

15 U.S.C. § 1114....................4, 10, 12

31 U.S.C. § 3729(a)(1)(A) ....................13

Pursuant to Federal Rules of Civil Procedure 12(b)(6), 9(b), and 8(a)(2), Defendant Panini America, Inc. ("Panini") respectfully submits this Opening Brief in Support of its *Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(6), 9(b), and 8(a)(2)* ("Motion") and requests entry of an order dismissing all claims asserted by Plaintiff Zane Murdock ("Plaintiff") in his Complaint (D.I. 1) with prejudice. The Motion should be granted because: (1) each of Plaintiff's three claims fails to state a plausible claim for relief under Rule 12(b)(6); (2) the fraud claim is substantively inapplicable, as well as fails to satisfy the heightened pleading standard of Rule 9(b); and (3) the Complaint fails to provide Panini with fair notice of the claims against it, as required under Rule 8(a)(2). Plaintiff's Statement of Claim consists of only six lines of text containing bare legal conclusions and a list of fifteen trademark registration numbers and one trademark application number ("Plaintiff's Trademarks"). D.I. 1, at 4. Plaintiff's Relief section consists of only three lines that, other than bare legal terms, identify Panini's "huck it sports trading cards" ("Accused Product"). *Id*. These deficiencies require dismissal of the Complaint with prejudice.

## I. INTRODUCTION

First, each of Plaintiff's three claims fails to state a plausible claim for relief under Rule 12(b)(6). Although the Complaint identifies an Accused Product, it fails to include any factual contentions bearing on the elements of Plaintiff's asserted causes of action. The Complaint fails to indicate which of Plaintiff's Trademarks—which cover numerous products unrelated to trading cards—are allegedly used on the Accused Product and fails to include any factual contentions indicating that Defendants' conduct created a likelihood of consumer confusion concerning the origin of goods or services. Based on these registrations, the claims in the Complaint which are directed against trading cards are not warranted by existing law. *Fuente Mktg Ltd. v. Vaporous Techs., LLC,* 172 F.4th 1337, 1345 (Fed. Cir. 2026) (the scope of goods or services covered by a

registration is determined by the written identification and description set forth in the application or registration).

Second, Plaintiff's fraud claim fails to satisfy the heightened pleading standard of Rule 9(b), and his invocation of the False Claims Act is substantively inapplicable because the Complaint contains no allegation that Defendants submitted a false claim to the federal government.

Third, the Complaint is so vague and lacking in factual contentions that it fails to provide Panini with fair notice of the claims against it, as required under Rule 8(a)(2). Although the Complaint identifies the Accused Product, which is a trading card, none of the trademark registrations identified in the Complaint cover trading cards or are for HUCK IT, CHUCK IT, which is the phrase used by Panini on certain trading cards. Plaintiff's registrations cover either the word HUCK alone or the word HUCK with additional text, and do not cover trading cards but instead are limited to numerous, unrelated products, including dog toys, backpacks, sunglasses, watches, board games, clothing, bottled water, and granola bars. Thus, the claims in the Complaint improperly seek to expand the scope of goods covered by the identified registrations, which is not warranted by existing law. *Fuente Mktg,* 172 F.4th at 1345 (the scope of goods or services covered by a registration is determined by the written identification and description set forth in the application or registration).

## II. NATURE AND STAGE OF THE PROCEEDINGS

This is an alleged trademark infringement action brought by a *pro se* plaintiff that is at the earliest stage of litigation. D.I. 1. Plaintiff filed his Complaint on July 14, 2026. *Id*. This case has not proceeded beyond the pleadings.

Prior to filing suit against Panini and the NFL Properties LLC ("NFLP"), Plaintiff filed two nearly identical actions in this District. *See Murdock v. Netflix Studios, LLC*, Case No. 1:26-

cv-670 (D. Del.) ("Netflix Case"); *Murdock v. Hulu, LLC*, Case No. 1:26-cv-687 (D. Del.) ("Hulu Case"). In both cases, Plaintiff asserted nearly identical claims based on the same threadbare allegations. The defendants in both of those cases have filed motions to dismiss.

This is Panini's Opening Brief in support of its Motion to Dismiss.

## III. SUMMARY OF THE ARGUMENT

Plaintiff purports to assert three claims: (1) federal trademark infringement; (2) common-law trademark infringement; and (3) "fraud as according to the false claims act." D.I. 1, at 4.

Aside from listing Plaintiff's Trademarks, the Complaint provides no factual allegations identifying any particular mark asserted by Plaintiff and provides insufficient factual contentions to identify any wrongdoing by Defendants. *Id*. The Complaint's only reference to a specific product appears in the Relief section, where Plaintiff requests that "defendants cease all use in commerce of the trademark huck, namely in reference to defendants' huck it sports trading cards." *Id*. That passing reference does not explain how any consumer is likely to be confused by Panini's trading cards. Plaintiff does not address any of the relevant factors, such as whether the goods and marks at issue are similar. Indeed, trading cards fall entirely outside the scope of Plaintiff's registrations and none of Plaintiff's registrations are for HUCK IT.

The Plaintiff's trademark registrations are publicly available records accessible via the website of the U.S. Patent and Trademark Office ("USPTO") and are attached hereto as Exhibit A, of which this Court may take judicial notice. Those registrations are summarized in the table below and confirm the absence of any relation or overlap between goods and services covered by Plaintiff's registrations and Panini's trading card products.

Courts have previously dismissed Plaintiff's nearly identical claims on grounds of the very same deficiencies present here. *See Murdock v. Savile Invs. Pty. Ltd.*, No. 1:24-cv-1899, 2025 WL 3157791, at *1 (D.D.C. Nov. 12, 2025) (dismissing claims with prejudice for failing to plead

distinctiveness, likelihood of confusion, or fraud with particularity) (Exhibit B); *Murdock v. Marolina Outdoor Inc.*, No. 2:23-CV-10231-DSF-PVC, 2024 WL 2209771, at *5 (C.D. Cal. Apr. 22, 2024) (Exhibit C). Likewise, the USPTO has acknowledged that Plaintiff's trademark related claims are historically and repeatedly lacking in merit. (Exhibit D at 19) (finding that Zane Murdock's filings, made on behalf of NSM Resources and Huck Doll LLC, were "frivolous" and "vexatious.").

## IV. STATEMENT OF FACTS

### A. Panini America

Panini America, Inc. is a Delaware corporation with its principal place of business in Dallas County, Texas. Panini is one of the largest manufacturers of sports trading cards in the world. Panini has produced trading cards pursuant to license agreements including a license agreement with NFLP. In 2023, Panini released a trading card collection under Panini's trademark CERTIFIED, which included a small subset of cards containing the phrase ("Huck It, Chuck It.") wherein each card in that small subset featured a quarterback in the process of throwing, or stated differently, hucking or chucking, a football.

### B. The Complaint Contains No Allegations as to Wrongful Conduct by Panini or by the NFLP

Plaintiff, proceeding *pro se*, initiated this action by filing a form Complaint on July 14, 2026. D.I. 1. As the basis for federal jurisdiction, the Complaint invokes both federal question jurisdiction under 15 U.S.C. § 1114, and diversity of citizenship. *Id*. at 3-4.

Claim 1 alleges "federal trademark infringement" but does not identify the asserted marks themselves or the goods or services covered by Plaintiff's cited registrations and application. *Id*.

Claim 2 alleges "common law trademark infringement" and provides a single conclusory allegation that "defendants attempt to confuse the consuming public as to the origin of plaintiff's trademarks." *Id*. No additional factual contentions are provided.

Claim 3 states "fraud as according to the false claims act" and provides no factual contentions in support. *Id*.

**C. Plaintiff's Trademarks Do Not Cover Trading Cards**

The Complaint lists fifteen trademark registrations and one pending application, identified only by number. *Id*. The following table is based on USPTO records (*see* Exhibit A), of which this Court may take judicial notice. *Sound View Innovations, LLC v. Facebook, Inc.*, 204 F. Supp. 3d 655, 658 (D. Del. 2016).

The table lists the marks and respective goods and services associated with Plaintiff's cited registrations and pending application.

| **Reg. or App. No.** | **Mark** | **Int. Cl.** | **Covered Goods and Services** |
|---|---|---|---|
| 3,430,612 | HUCK | 28 | Dog toys |
| 3,557,381 | HUCK DOLL | 16 | Stickers |
| 3,667,579 | HUCK | 18 | Backpacks |
| 4,167,106 | HUCK DOLL | 35 | Advertising services, namely, promoting and marketing the goods and services of others through all public communication means; on-line retail store services featuring apparel |
| 4,178,410 | HUCK NEWS | 41 | Providing on-line publications in the nature of newsletters in the field of action sports for action sports enthusiasts |
| 4,279,892 | HUCK DOLL | 18 | Credit card holders |
| 4,702,618 | HUCK | 9 | Sunglasses |
| 4,845,314 | HUCK DOLL | 25 | Clothing, namely, socks, shorts, skirts, pants, t-shirts, polo shirts, sweatshirts, tank tops, vests, jackets, caps |
| 6,052,707 | EAGLE HUCK | 28 | Board games |
| 6,418,650 | SWIM SURF HUCK | 28 | Board games |
| 6,820,212 | HUCK | 14 | Watches |
| 6,821,195 | FRESH HUCK | 28 | Board games |

| | | | |
|---|---|---|---|
| 7,072,557 | HUCK FILES | 41 | Providing online non-downloadable cartoon strips |
| 7,319,606 | HUCK | 25 | Footwear; clothing, namely, tee shirts |
| 7,661,138 | HUCK | 32 | Bottled water |
| Application No. 98/215,363 | HUCK | 30 | Granola-based snack bars |

As the above table demonstrates, none of Plaintiff's Trademarks are registered for collectible trading cards or sports trading cards. Rather, Plaintiff's Trademarks cover an assortment of unrelated products, namely, dog toys (Reg. No. 3,430,612), stickers (Reg. No. 3,557,381), backpacks (Reg. No. 3,667,579), sunglasses (Reg. No. 4,702,618), watches (Reg. No. 6,820,212), board games (Reg. Nos. 6,052,707; 6,418,650; 6,821,195), clothing (Reg. Nos. 4,845,314; 7,319,606), bottled water (Reg. No. 7,661,138), and granola bars (App. No. 98/215,363). Only one of Plaintiff's Trademarks (Reg. No. 3,557,381 for HUCK DOLL) falls within International Class 16 for paper goods and printed matter, and that registration is limited to stickers—not trading cards. Thus, the goods of Panini are distinguishable from the classes of goods listed in Plaintiff's Trademarks.

In addition, it is equally evident that the marks identified in Plaintiff's Trademarks are distinguishable. Plaintiff objects to Panini's use of the phrase HUCK IT, CHUCK IT on trading cards, but none of Plaintiff's Trademarks are for that phrase. Instead, Plaintiff's Trademarks are either for the word HUCK alone or HUCK with additional text (*i.e.,* DOLL, NEWS, EAGLE, SWIM SURF, FRESH and FILES). The phrase used by Panini on its Accused Product includes three other words (*i.e.,* HUCK followed by "IT, CHUCK IT"), along with along with an image of a quarterback and Panini's own registered trademark CERTIFIED, each of such distinction being sufficient to distinguish between Panini's trading cards and Plaintiff's Trademarks.

# V. ARGUMENT

## A. Legal Standards

### 1. *Pro Se* Pleading Standard

Courts construe *pro se* complaints liberally and hold them "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, this liberal construction does not relieve a *pro se* plaintiff of the obligation to include factual contentions sufficient to state a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Even under this more lenient standard, a court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

### 2. Rule 12(b)(6) – Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) warrants dismissal when a complaint does not contain sufficient "factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *B# on Demand LLC v. Spotify Tech. S.A.*, 484 F. Supp. 3d 188, 191 (D. Del. 2020). To survive dismissal, a complaint must allege facts that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, a complaint must be dismissed if a plaintiff has not moved its "claims across the line from conceivable to plausible." *Id.* at 570. Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully," and allegations "that are merely consistent with a defendant's liability" are insufficient. *Iqbal*, 556 U.S. at 678, 684. Mere conclusory allegations are not entitled to the same assumption of truth provided to factual allegations. *Id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

**3. Rule 9(b) – Pleading Fraud with Particularity**

When a plaintiff alleges fraud, Rule 9(b) requires the claimant to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "The essence of the particularity requirement is the who, what, when, where, and how." *U.S. v. Bracco USA, Inc.*, No. 24-1668, 2025 WL 1261779, at *2 (3d Cir. May 1, 2025) (citation and internal quotation marks omitted). "Plaintiffs may satisfy this requirement by pleading the date, place or time of the fraud, or through alternative means of injecting precision and some measure of substantiation into their allegations of fraud." *Kuhn Constr. Co. v. Ocean & Coastal Consultants, Inc.*, 844 F. Supp. 2d 519, 530 (D. Del. 2012) (quoting *Lum v. Bank of Am.,* 361 F.3d 217, 224 (3rd Cir. 2004)). "Plaintiffs also must allege who made [the] misrepresentation to whom and the general content of the misrepresentation." *Id*.

**4. Rule 8(a)(2)**

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The sufficiency of a complaint under this provision is governed by the plausibility standard established by the Supreme Court in *Twombly*, 550 U.S. 544 (2007), and *Iqbal*, 556 U.S. 662 (2009).

**5. Motions to Dismiss**

The Third Circuit has distilled the *Twombly*/*Iqbal* framework into a three-step analytical process for evaluating motions to dismiss. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court should "identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Third, where "there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

(quoting *Iqbal*, 556 U.S. at 679). The court accepts all well-pleaded factual allegations as true, construes the complaint in the light most favorable to the plaintiff, and determines whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

**6. Judicial Notice**

A district court's use of judicial notice is governed by Federal Rule of Evidence 201. "A judicially noticed fact must either be generally known within the jurisdiction of the trial court, or be capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Werner v. Werner*, 267 F.3d 288, 295 (3d Cir. 2001). The Court may take judicial notice of public court filings, other district court filings, matters of public record, and other facts that are not subject to reasonable dispute. *Blank v. Optimum Fin. Servs., LLC*, No. CV 16-5076, 2017 WL 1508990, at *1 (E.D. Pa. Apr. 27, 2017); *Ieradi v. Mylan Labs., Inc.*, 230 F.3d 594, 600 (3d Cir. 2000). Courts may take judicial notice of public records and documents from government agencies, including trademark registrations and applications with the United States Patent and Trademark Office, as these are sources whose accuracy cannot be reasonably questioned. *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (taking judicial notice of matters of public record, including from government agencies).

**B. The Complaint Fails to State a Plausible Claim for Relief Against Panini**

Plaintiff's factual contentions in the Complaint against Defendants are contained in six lines in Section III, entitled Statement of Claim, and three lines in Section IV, entitled "Relief." D.I. 1, at 4. Those nine lines contain no specific factual contentions as to wrongdoing by Defendants. Plaintiff merely lists fifteen trademark registration numbers and a pending trademark

application serial number, but does not identify any particular mark or the goods or services covered by the listed registrations and application. D.I. 1, at 4. Plaintiff's sole allegation of wrongdoing is the conclusory assertion that "defendants attempt to confuse the consuming public as to the origin of plaintiff's trademarks." *Id*. That formulaic recitation attempts to recite the legal element of "likelihood of confusion" but fails to include factual contentions that, if assumed to be true, would adequately allege that consumers are likely to be confused by the source of Panini's products. *See Iqbal*, 556 U.S. at 678 ("[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, the USPTO records demonstrate that none of Plaintiff's listed registrations covers trading cards and none are for HUCK IT, CHUCK IT, or even for HUCK IT, rendering the alleged infringement claims facially implausible under Rule 12(b)(6).

**1. Plaintiff's Claim 1 (Federal Trademark Infringement) Should be Dismissed**

To state a claim for federal trademark infringement under 15 U.S.C. § 1114, a plaintiff must allege that: "(1) the mark is valid and legally protectable; (2) the mark is owned by the plaintiff; and (3) the defendant's use of the mark to identify goods or services is likely to create confusion concerning the origin of the goods or services." *Fisons Horticulture, Inc. v. Vigoro Indus., Inc.*, 30 F.3d 466, 472 (3d Cir. 1994); *S&P Glob. Inc. v. S&P Data LLC*, 619 F. Supp. 3d 445, 454 (D. Del. 2022).

Even accepting all factual allegations in the Complaint as true, Plaintiff has failed to state a plausible claim for relief against Panini. As to element (1), the Complaint fails to allege that any of his marks are valid and legally protectable. As to element (3), the Complaint fails to allege that the Accused Product is likely to create confusion concerning the origin of the goods or services. The Complaint alleges only that "defendants attempt to confuse the consuming public as to the origin of plaintiff's trademarks." D.I. 1, Section III, line 5. But the origin of trademarks is not

relevant because the third element focuses on the origin of goods and services, which the Complaint does not address.

Moreover, Plaintiff's assertion that "defendants attempt to confuse the consuming public as to the origin of plaintiff's trademarks," is a mere legal conclusion that the Court need not credit. *Morse*, 132 F.3d at 906 ("a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss").

The Complaint fails to include any factual contentions that Defendants' conduct created a likelihood of confusion as to the origin of goods and services. In the Third Circuit, the likelihood-of-confusion inquiry requires weighing and balancing ten factors, including the degree of similarity between the marks, the strength of the plaintiff's mark, the similarity or relatedness of the parties' goods, the channels of trade, the defendant's intent, and evidence of actual confusion. *Interpace Corp. v. Lapp, Inc.*, 721 F.2d 460, 463 (3d Cir. 1983). Plaintiff's Complaint does not address any of the *Lapp* factors. The Complaint contains no allegations of mark similarity, no allegations of goods relatedness, no allegations of overlapping trade channels, and no allegations of actual confusion. Simply enumerating trademark registration numbers, without more, is insufficient to state a claim because it fails to put the defendant on notice of any alleged wrongdoing. *See Doe v. Princeton Univ.*, 30 F.4th 335, 341-342 (3d Cir. 2022); *Robinson v. Hunger Free Am., Inc.*, No. 1:18-cv-00042-LJO-BAM, 2018 WL 1305722, at *3 (E.D. Cal. Mar. 13, 2018) (plaintiff's trademark infringement claim failed to satisfy Rule 8(a) where "[t]he complaint is not clear as to what wrongs Defendant has perpetrated other than his claim that Defendant has used 'Hunger Free America' in a manner that infringes on Plaintiff's use of that wording").

The USPTO records affirmatively refute any plausible theory of infringement. The Court may take judicial notice of Plaintiff's trademark registrations. *Sound View Innovations*, 204 F. Supp. 3d at 658. As discussed in detail above, Plaintiff's Trademarks do not relate to trading cards and are different than the HUCK IT, CHUCK IT phrase used by Panini on the Accused Products.

This absence of any overlap between the goods listed in Plaintiff's registrations and the differences between the marks themselves, render Plaintiff's infringement claims facially implausible and wholly without merit. *Double Coin Holdings Ltd. v Tru Dev.*, No. 92063808, 2019 WL 4877349 at *6 (TTAB Oct. 1, 2019) ("In making our determination regarding the relatedness of the goods, we must look to the goods as identified in the parties' registrations"); *Stone Lion Capital Partners, L.P. v Lion Capital LLP*, 746 F.3d 1317, 1324 (Fed. Cir. 2014) (it is the goods and services recited in the application that determine the scope of the post-grant benefit of registration).

**2. Plaintiff's Claim 2 (Common Law Trademark Infringement) Should be Dismissed**

Plaintiff's second claim for "common law trademark infringement" suffers from the same pleading deficiencies as Claim 1 and also fails to state a claim under Rule 12(b)(6). The deficiencies are both structural and substantive.

The Complaint does not identify any common law mark. Common law trademark rights protect unregistered marks acquired through use in commerce, as distinguished from the federally registered marks that form the basis of Claim 1. *See* Del. C. § 3315 (protecting "rights in marks acquired in good faith at any time at common law"); *compare* 15 U.S.C. § 1114 (federal infringement of registered marks). Plaintiff's Claim 2 does not identify any unregistered marks, does not allege any common law trademark rights beyond those asserted in Claim 1, and does not explain whether Claim 2 is based on the same registration and application numbers listed in Claim

1 or on some other, unregistered mark(s). Panini is left to guess at the legal basis for Claim 2, which falls below the notice-pleading threshold of Rule 8(a)(2).

The sole allegation as to Claim 2 is a legal conclusion unsupported by contentions of fact. Plaintiff's only allegation, that "defendants attempt to confuse the consuming public as to the origin of plaintiff's trademarks," D.I. 1, at 4, is a bare legal conclusion parroting the likelihood-of-confusion element unsupported by any factual allegations. Such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

**3. Plaintiff's Claim 3 ("Fraud as According to the False Claims Act") Should be Dismissed**

Plaintiff's third claim for "fraud as according to the false claims act" fails on two independent grounds: (1) the False Claims Act is substantively inapplicable to this case; and (2) to the extent Plaintiff intends to assert a common law fraud claim, the allegations fail to satisfy Rule 9(b)'s heightened pleading requirements.

**(i) The False Claims Act is Substantively Inapplicable**

To the extent Plaintiff purports to assert a claim under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729–3733, such a claim is facially inapplicable and must be dismissed under Rule 12(b)(6). The FCA imposes civil liability on any person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval" to the federal government. 31 U.S.C. § 3729(a)(1)(A). It is a fraud-on-the-government statute whose purpose is to protect the federal treasury from false claims for government funds. *Hutchins v. Wilentz, Goldman & Spitzer*, 253 F.3d 176, 179 (3d Cir. 2001) ("We hold the False Claims Act only prohibits fraudulent claims that cause or would cause economic loss to the government."). The Complaint does not allege that Defendants submitted any claim, false or otherwise, to the federal government. It does not mention

the federal government at all. A trademark infringement dispute between private parties simply does not implicate the FCA. Because the FCA is substantively inapplicable to the allegations in the Complaint, Plaintiff's purported FCA claim fails as a matter of law.

**(ii) Plaintiff's Fraud Allegations Fail to Satisfy Rule 9(b)**

Even if the Court were to construe Claim 3 as a common law fraud claim, it must be dismissed for failure to comply with Rule 9(b)'s heightened pleading requirements. Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "The essence of the particularity requirement is the who, what, when, where, and how." *Bracco*, No. 24-1668, 2025 WL 1261779, at *2. To plead fraud with particularity, a plaintiff must allege: "(1) a specific false representation of material fact; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff acted upon it to his [or her] damage." *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 270 (3d Cir. 2006). The Complaint alleges none of these elements. Plaintiff states only "fraud as according to the false claims act" without identifying (i) any false statement, (ii) who made it, (iii) to whom it was made, (iv) when, where, or how it was made, or (v) any resulting damage. D.I. 1, at 4. This falls far short of the particularity required under Rule 9(b).

**C. The Complaint Fails to Meet the Minimum Notice Requirements of Rule 8(a)(2)**

Independent of the claim-specific deficiencies discussed above, the Complaint as a whole fails to satisfy the baseline notice-pleading standard of Rule 8(a)(2).

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this requirement is to provide defendants with "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Dismissal under Rule 8 has also been held proper

when a complaint 'left the defendants having to guess what of the many things discussed constituted [a cause of action].'" *Wolffe v. Days Inns Worldwide, Inc.*, No. CV 22-374-GBW, 2023 WL 2954446, at *2 (D. Del. Apr. 14, 2023) (quoting *Binsack v. Lackawanna Cnty. Prison*, 438 F. App'x 158, 160 (3d Cir. 2011) (per curiam)).

Plaintiff's Complaint falls below this threshold. Without any factual contentions identifying what Defendants allegedly did wrong, Panini cannot fairly respond. The Third Circuit has affirmed dismissals under Rule 8 where, as here, a complaint fails to provide the defendant with notice of the claims against it. *See Ouaziz v. City of Jersey City*, No. 22-3385, 2023 WL 7001846, at *2 (3d Cir. Oct. 24, 2023), cert. denied sub nom. *Ouaziz v. Jersey City, NJ*, No. 23-6568, 2024 WL 1839139 (U.S. Apr. 29, 2024) (affirming dismissal with prejudice of claims brought by *pro se* plaintiff due to failure to comply with the pleading requirements of Rule 8); *Coe v. Brullo*, No. 22-2536, 2023 WL 2182374, at *2 (3d Cir. Feb. 23, 2023) (affirming the dismissal of *pro se* complaint under Rule 8); *see also Robinson*, No. 1:18-cv-00042-LJO-BAM, 2018 WL 1305722, at *3.

## VI. CONCLUSION

Defendant Panini America, Inc. respectfully submits that its Motion to Dismiss With Prejudice should be granted and that the Court should enter an order dismissing the claims in Plaintiff's Complaint with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(6), 9(b), and 8(a)(2).

Dated: August 19, 2026

Respectfully Submitted,

*/s/ James H. S. Levine*

James H. S. Levine (Del. Bar No. 5355)
TROUTMAN PEPPER LOCKE LLP
Hercules Plaza, Suite 1000
1313 N. Market Street
Wilmington, DE 19899-1709
(302) 777-6500
james.levine@troutman.com

*Counsel for Defendant Panini America, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2026, the foregoing was electronically filed by using the CM/ECF system and served upon all registered CM/ECF users by the CM/ECF system. I hereby further certify that on August 19, 2026, I caused a true and correct copy of the foregoing to be served via U.S.P.S./Certified Mail upon:

Zane Murdock
675 E Santa Clara St. #14
Ventura, CA 93001

*/s/ James H. S. Levine*
James H. S. Levine (Del. Bar No. 5355)